USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROPETROL LIMITED,

                Petitioner,

-against-

QMF ENERGY DMCC,

                Respondent.

1:24-cv-330-MKV

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR EMERGENCY RELIEF AND AUTHORIZATION FOR ALTERNATE SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

On January 16, 2024, Petitioner commenced this action by filing a petition to enjoin an arbitration initiated by Respondent QMF Energy DMCC against Petitioner in New York before the Society of Maritime Arbitrators. [ECF No. 1]. Although an electronic summons was issued as to Respondent on January 17 [ECF No. 6], as of the date of this Order, service of the summons and petition has not yet been effectuated. Almost one month after filing its petition, on February 14, 2024, Petitioner filed a proposed order to show cause with emergency relief [ECF No. 7] seeking: (1) a temporary restraining order ("TRO") and preliminary injunction to stay the New York arbitration; and (2) an order permitting alternate service of process in this proceeding on Respondent. [ECF No. 7].

**DISCUSSION**

I.     **Petitioner's Request for a TRO and Preliminary Injunction Staying the Arbitration Are Denied Without Prejudice.**

Federal Rule of Civil Procedure 65(b) provides "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in *an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing *any efforts made to give notice* and

the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).  Moreover, Local Civil Rule 6.1(d) provides that "[n]o *ex par*te order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing *by affidavit* of good and sufficient reasons why a procedure other than by notice of motion is necessary . . . ." *See also Mister Softee, Inc. v. Valdez*, No. CIV. 01-CV-12742 LA, 2002 WL 24473, at *1 (S.D.N.Y. 2002).

No such showing under either the Federal Rules of the Local Rules has been made here. No affidavit asserting "that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition" or "good and sufficient reasons why a procedure other than by notice of motion is necessary" been filed.  Accordingly, Petitioner can bring on its motion by properly serving and filing a notice of motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Under the Local Rules, the answering papers of Respondent will be due approximately two weeks after service of the motion. Local Civ. R. 6.1(b). Obviously, Petitioner raises concerns with respect to its ability to serve Respondent, which the Court addresses below.  Notwithstanding, Petitioner's request for a TRO and Preliminary Injunction staying the arbitration are denied without prejudice for failure to comply with the Local Rules.  As such, the Court does not reach or comment on the merits of the application at this time.

II.     **Petitioner's Request for Alternate Service is Denied Without Prejudice.**

Petitioner also seeks authorization for alternate service of process on Respondent in this action by express courier service to its registered office in the U.A.E., and by email and first-class mail, postage pre-paid, on Respondent's local, New-York counsel retained for the arbitration proceeding which Petitioner seeks to stay through this request for emergency relief.  Petitioner's Memorandum and supporting exhibits explicitly establish that Respondent's counsel retained *for the arbitration proceeding*, is not authorized to accept service on behalf of Respondent *in this*

*matter*.  Petitioner's Memorandum of Law in Support of Order to Show Cause ("Pl. Mem."), Exhibit 3.

Federal Rule of Civil Procedure 4(e) provides, *inter alia*, that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located. Fed. R. Civ. P. 4(e)(1).  Petitioner cites Section 308(5) of the New York Civil Practice Law and Rules with respect to its request for alternate service, arguing that traditional service methods on Respondent are impracticable.  No further details are provided beyond this conclusory statement. Specifically, CPLR § 308(5) provides for alternate service "in such manner as the court . . . directs, if service is impracticable" under the other specified methods of service.  N.Y. C.P.L.R. § 308(5). *See also Vargas v. DiPilato*, No. 21-CV-3884 (ER), 2023 WL 6520377, at *2 (S.D.N.Y. Oct. 5, 2023) (requiring a showing of impracticability to warrant alternate service).

Here, Petitioner has not demonstrated due diligence or actual prior attempts to serve the party.  First, the declaration and accompanying declaration exhibits submitted by Petitioner in support of its request for emergency relief do not describe any actual prior attempts to serve Respondent directly under the traditional service methods provided for in the CPLR.  Nor does Petitioner's Memorandum of Law attempt to argue that it has exercised due diligence or actual prior attempts to service Respondent under the other provisions of the CPLR.[1]  Rather, Petitioner merely parrots the language of Section 308(5) and declares that traditional service could be impracticable.

Petitioner is, indeed, correct that Section 308(5) "does not require proof of due diligence or of *actual prior attempts* to serve a party under the other provisions of the statute."  *Shamoun v.*

---

[1] Petitioner argues that Respondent's local counsel that it has retained *for the New York arbitration*, "has not agreed to accept service of the Petition to Enjoin Arbitration or other documents on behalf of [Respondent], despite counsel's regular correspondence with counsel for [Petitioner]."  Pl. Mem. at 8.  However, Petitioner's gripes about Respondent's counsel are baseless.  Petitioner cannot force counsel to take on representation of Respondent in an entirely separate, *federal* action in an attempt to elude the challenges that come with effectuating proper service.

3

*Mushlin*, No. 12-CV-3541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (citing *Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608 (JFK), 2012 WL 2086950, at *3–4 (S.D.N.Y. June 7, 2012)); *see also Marvici v. Roche Facilities Maint. LLC*, No. 21-CIV-4259 (PAE) (JLC), 2021 WL 5323748, at *2 (S.D.N.Y. Oct. 6, 2021).  However, "Section 308(5) [does] require[] a *showing* of impracticability, *under the facts and circumstances of the case*."  *Shamoun*, 2013 WL 91705, at *2 (emphasis added); *see also Marvici*, 2021 WL 5323748, at *2.

Petitioner has failed to "show" impracticability under Section 308(5) "under the facts and circumstances of [*this*] case."  *Shamoun*, 2013 WL 91705, at *2.  None of Petitioner's exhibits in support of its request for emergency relief speak to, or even reference, impracticability of effectuating service on Respondent.  Petitioner baldly urges that Respondent is located in the United Arab Emirates ("U.A.E."), which is "not a party to the Hague Convention or any other international treaty, making service on [Respondent] in the U.A.E. even more complex."  Pl. Mem. at 8.  However, Petitioner merely cites a single (overturned) Southern District of New York case, which states that service pursuant to local law in Dubai, U.A.E. "would likely necessitate letters rogatory, incurring costs upwards of $13,625 and requiring approximately 14-24 months, all while still carrying the risk of 'be[ing] ignored . . . by the foreign authorities.' "  Pl. Mem. at 9 (quoting *CKR L. LLP v. Anderson Investments Intl., LLC*, 524 F. Supp. 3d 518 (S.D.N.Y. 2021).

Petitioner goes on to say "this" statement from a wholly unrelated, separate action—with its own unique facts—"demonstrates [] impracticability."  Pl. Mem. at 9.  Petitioner's argument fails as it completely neglects to "show[] impracticability, *under the facts and circumstances of [this] case*."  *Shamoun*, 2013 WL 91705, at *2 (emphasis added); *see also Marvici*, 2021 WL 5323748, at *2.

## CONCLUSION

For the foregoing reasons, the Court declines to enter Petitioner's proposed order to show cause for emergency relief and the application for leave to serve by alternative means is hereby DENIED without prejudice.

**SO ORDERED.**

*[signature: Mary Kay Vyskocil]*

**Date:  February 20, 2024**  **MARY KAY VYSKOCIL**
**New York, NY** **United States District Judge**