UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/30/2024
```

PROPETROL LIMITED,

                Petitioner,

-against-

QMF ENERGY DMCC,

                Respondent.

24-CV-00330 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On January 16, 2024, Petitioner filed the petition to enjoin arbitration. Dkt. No. 1 (the "Petition"). On February 14, 2024, Petitioner filed a proposed order to show cause with emergency relief, seeking a temporary restraining order and preliminary injunction to stay the pending arbitration against Petitioner before the Society of Maritime Arbitrators (the "New York arbitration"), and an order permitting alternate service of process in this action on Respondent. Dkt. No. 7. On February 20, 2024, Judge Vyskocil denied Petitioner's request for a temporary restraining order, preliminary injunction, and alternate service without prejudice. Dkt. No. 8. In her Order, Judge Vyskocil denied Petitioner's application for a temporary restraining order and preliminary injunction for failure to procedurally comply with the Federal Rules of Civil Procedure and this District's Local Rules, and declined to reach or comment on the merits of Petitioner's application. *See id.* at 1–2. On May 13, 2024, Respondent appeared in this action and filed a response to the Petition. *See* Dkt. No. 16. On May 20, 2024, Petitioner filed a reply in support of its Petition. Dkt. No. 25.

      At the Initial Pretrial Conference on May 20, 2024, Petitioner orally renewed its request for a temporary stay of the New York Arbitration.[1] Under Rule 65 of the Federal Rules of Civil Procedure, this Court can temporarily stay the New York Arbitration if Petitioner establishes "(1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 152–53 (2d Cir. 2007). Other courts in this District have routinely granted similar temporary stays of arbitration proceedings where the key questions before the court "logically precede the initiation of arbitration proceedings." *See, e.g., Burgos v. Northeast Logistics Inc.*, No. 15-cv-06840 (CBA) (CLP), 2016 WL 899264,

---

[1] Because Respondent has now appeared in this action, the Court can now reach the merits of Petitioner's original application, without requiring an affidavit by Petitioner, as any such temporary restraining order would not be issued *ex parte*. *See* Fed. R. Civ. P. 65(b)(1)(A) ("The court may issue a temporary restraining order <u>without written or oral notice to the adverse party or its attorney</u> only if . . . <u>specific facts in an affidavit or verified complaint</u> clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]") (emphasis added).

at *2 (E.D.N.Y. Mar. 2, 2016) (reasoning that questions related to the validity of the arbitration agreement and whether the agreement covered the instant dispute warranted a temporary stay of the arbitration); *see also Video Tutorial Servs., Inc. v. MCT Telecomm'ns Corp.*, 79 F.3d 3, 5 (2d Cir. 1996) ("We are . . . reluctant to deny the district court deference in cases like this, where it has not yet had the chance to determine the validity of the arbitration clause at issue or the arbitrability of the dispute itself.").

As discussed at the May 20 conference, and as set forth in the Petition, the heart of this action is whether Petitioner is bound by the arbitration provision in the supply contract at issue given that Petitioner is a non-signatory to the agreement, as well as the arbitrability of the dispute over whether Petitioner is bound by that provision. These are sufficiently serious questions on the merits of the Petition and the New York Arbitration. *See Nat'l Union Fire Ins. Co.of Pittsburgh, Pa. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996) ("The 'arbitrability' of a dispute comprises the questions of (1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement.").

Further, the balance of hardships weighs in favor of Petitioner, especially given the irreparable harm facing Petitioner should the New York Arbitration continue to proceed. According to Respondent at the May 20 conference, Petitioner's opposition in the New York Arbitration was due May 23, 2024. Petitioner represented that it would not file an opposition because it does not believe it should be compelled to participate in the arbitration for the reasons set forth in the Petition. Indeed, taking Petitioner's allegations as true, compelling Petitioner to arbitrate a dispute where it is not bound by the arbitration provision in the supply contract also constitutes "per se irreparable harm." *See Tellium, Inc. v. Corning Inc.*, No. 03-cv-08487 (NRB), 2004 WL 307238, at *3 (S.D.N.Y. Feb. 13, 2004) (citing *Mt. Ararat Cemetery v. Cemetery Workers & Greens Attendants Union Local 365, S.E.I.U.-A.F.L.-C.I.O.*, 975 F. Supp. 445, 446–47 (E.D.N.Y. 1997)). Thus, should the New York Arbitration continue to proceed, Petitioner risks either (i) having a default judgment entered against it for failure to appear or (ii) being forced to participate in the arbitration, thereby suffering irreparable harm.

Accordingly, it is hereby ORDERED that the New York Arbitration shall be preliminarily and temporarily enjoined during the pendency of this action, without prejudice to any party's request to lift the stay should changed circumstances warrant. In light of the temporary stay, the Court will separately enter a Civil Case Management Plan incorporating the dates and deadlines proposed by Respondent in the parties' joint letter. *See* Dkt. No. 23-1.

Dated: May 30, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge